# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SD COASTLINE LP,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>ROMEO D. REYES, and DOES 1 - 20,<br>　　　　　　　　　　Defendants. | CASE NO. 10cv1824-LAB (AJB)<br><br>**ORDER OF REMAND** |

On September 1, 2010, Defendant removed this case from the Superior Court of California for the County of San Diego, Central Division. Plaintiff moved to remand, and the Court ordered Defendant to file an opposition to the motion showing why this case should not be immediately remanded. Defendant has now filed his opposition.

Plaintiff purchased Defendant's house at a non-judicial foreclosure sale around February 18, 2010 and brought an unlawful detainer action in state court (Case number 37-2010-00043296-CL-UD-CTL). That is the action Defendant removed to this Court. The notice of removal identifies a federal question as the source of the Court's jurisdiction, but in fact the only federal questions are raised in counterclaims or defenses to Plaintiff's claims. Under the well-pleaded complaint rule, federal question jurisdiction only exists when the complaint is based on federal law; federal questions in defenses or counterclaims are insufficient. *Vaden v. Discover Bank*, 129 S.Ct. 1262, 1272, 1278 (2009).

The motion to remand points out Defendant has removed this action once already,[1] and it was remanded on August 5, 2010 after he failed to respond to an order to show cause. While remand does not necessarily preclude a second removal to federal court, a party may not remove an action twice on the same basis. *Seedman v. U.S. Dist. Court for Cent. Dist. of Calif.*, 837 F.2d 413, 414 (9th Cir. 1988).

In his opposition, Defendant argues he will somehow be unfairly prejudiced if he cannot litigate potential federal counterclaims in federal court. But he has not shown why the state court cannot adjudicate these issues. He also attempts for the first time to show the Court could exercise diversity jurisdiction. But because the parties are not diverse, this argument fails. In short, Defendant's arguments lack any merit.

Because Defendant has not shown his second removal is based on any new grounds, and because he has shown no basis for this Court's jurisdiction, this action must be remanded. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

Plaintiff also asks the Court to issue an order providing that any further removals will be of no force or effect and that the state court may proceed to try this action despite any later-filed notices of removal. The Court's authority to issue such an order is unclear and has not been briefed. Nevertheless, it is clear the repeated removals are causing needless delay and expense, and must stop.

In the first removal, the Court explained the effect of the well-pleaded complaint rule to Defendant, and pointed out it had no jurisdiction to adjudicate the claims. Undeterred, Defendant removed a second time, relying on the same meritless arguments. Furthermore, both federal question and diversity jurisdiction, the only two likely sources of jurisdiction, are obviously lacking. Defendant is therefore **ORDERED** not to attempt to remove this case again unless Plaintiff amends the complaint to add a claim arising under federal law. **Any further removals in violation of this order are punishable by sanctions.**

---

[1] That removal was adjudicated in this district in *S.D. Coastline v. Reyes*, 10cv1225-WQH (NLS), and Judge William Hayes issued the order of remand.

For these reasons, this unlawful detainer action is **REMANDED** to the court from which it was removed.

**IT IS SO ORDERED**.

DATED: October 8, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge